UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN A. GASS,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:14-1056 |
| v. | : | (MANNION, D.J.) |
| | | (SCHWAB, M.J.) |
| **WARDEN RICHARD C. SMITH,** <u>et</u> <u>al.</u>, | : | |
| | : | |
| Defendants | | |
| | : | |

## MEMORANDUM

Pending before the court is a motion for a temporary restraining order seeking a transfer to another prison, as well as the report of Judge Schwab which recommends that the defendant's motion be denied. (Doc. 25).

## I. PROCEDURAL HISTORY

By way of relevant background, on June 2, 2014 petitioner Gass, a prisoner proceeding *pro se*, filed a complaint, (Doc. 1), and a motion to proceed *in forma pauperis* (Doc. 6). Judge Schwab granted the motion to proceed *in forma pauperis* on June 19, 2014. (Doc. 13).

Petitioner asserts that he and other inmates allege a series of claims including, *inter alia*: being held for 12 hours without receiving bedrolls, seeing the medical department, or receiving their property or a phone call; receiving threats of physical force and being subject to racial remarks by guards; and unjustified

suspension of mail services.

## II.   LEGAL STANDARD

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

For an inmate to meet his "particularly high" burden to show the need for a temporary restraining order, he must show a reasonable likelihood of success on the merits and irreparable harm if the requested relief is not granted. *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980); *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998); *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982).

## III.   DISCUSSION

The court agrees with Judge Schwab that petitioner has failed to meet his

2

"particularly high" burden. Petitioner fails to establish a reasonable likelihood of success on the only claim upon which relief can be granted, a First Amendment claim based upon the alleged restriction of petitioner's outgoing mail. Furthermore, Petitioner's fails to meet his burden for a temporary restraining order as the evidence presented is insufficient to show imminent irreparable harm. Finally, the court agrees with Judge Schwab that to grant petitioner's ad hoc request to transfer to a different prison would be against the interest of penological order.

## IV.   CONCLUSION

The court has reviewed each of the recommended bases for denial of the plaintiff's motion for a temporary restraining order presented by Judge Schwab. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

Date: October 15, 2014
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1056-01.wpd