**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN A. GASS,                              :

    **Plaintiff**          :       **CIVIL ACTION NO. 3:14-1056**

    **v.**                :              **(MANNION, D.J.)**
                                                       **(SCHWAB, M.J.)**

WARDEN RICHARD C. SMITH,      :
et al.,
                                   :

    **Defendants**

                                   :

## MEMORANDUM

Pending before the court is a report from Judge Schwab which recommends that all claims, except for a First Amendment mail claim, be dismissed and that the case be remanded for further proceedings as to this claim. (Doc. 31).

By way of relevant background, on June 2, 2014 the plaintiff filed a complaint on behalf of five other inmates, although only three others signed it. Of these plaintiffs, Plaintiff Gass was the only one to either file the proper *in forma pauperis* forms or to pay the filing fee. As a result, Plaintiff Gass is the only remaining plaintiff.

Judge Schwab screened the complaint and determined that it failed to state a claim upon which relief may be granted except for one First Amendment claim based on the alleged denial of mail privileges. Judge Schwab then granted the plaintiff leave to file an amended complaint.

On October 7, 2014, the plaintiff filed his amended complaint claiming that

he was not permitted to send out mail to his family between April 5, 2014 and April 8, 2014. The Warden responsible for the decision allegedly stated that the reason the mail had been stopped was due to a state of emergency in the prison following a riot.

The plaintiff also alleged that he, along with 37 other inmates, were given misconduct reports on April 5, 2014 resulting from the riot. He claims that the disciplinary proceedings leading up to these misconduct reports were racially discriminatory. He unsuccessfully appealed the findings of the misconduct hearing to the Program Review Committee, and later unsuccessfully appealed the Program Review Committee's decision to Warden Smith. Finally, he appealed the Warden's decision to Defendant Exarchos, the President of the Centre County Prison Board, who, it is alleged, did not respond.

By report dated December 11, 2014, Judge Schwab recommended that all of the plaintiff's claims in the amended complaint except for the First Amendment claim be dismissed and that the case be remanded for further proceedings on the First Amendment claim. No objections have been made to Judge Schwab's report have been filed.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702

2

F.Supp.2d 465, 469 (2010) (Citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed each of the recommended bases for dismissal of all claims except for First Amendment mail claim in the plaintiff's amended complaint presented by Judge Schwab. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


Date: July 2, 2015
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1056-02.wpd