# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN A. GASS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:14-1056** |
| v. | : | **(MANNION, D.J.)** |
| | | **(SCHWAB, M.J.)** |
| **WARDEN RICHARD C. SMITH,** *et al.*, | : | |
| | : | |
| **Defendants.** | | |

## **MEMORANDUM**

Pending before the court is a motion for sanctions filed by the defendants, Warden Smith, Lieutenant Bulick, and Officers Heverly, Miller, and Smith, (Doc. 53), as well as the report from Magistrate Judge Susan Schwab, (Doc. 56), which recommends that the court grant the defendants' motion for sanctions and dismiss the case. For the reasons set forth below, this court will adopt Judge Schwab's report and recommendation ("R&R") in its entirety.

By way of relevant background, the plaintiff, Mr. John A. Gass, commenced this action on his and five other inmates' behalf by filing a complaint pursuant to 42 U.S.C. §1983, (Doc. 1), as well as a motion for leave to proceed *in forma pauperis*, (Doc. 2), on June 2, 2014. The motion for leave to proceed *in forma pauperis* was granted by Judge Schwab. (Doc. 13).

Because all the other plaintiffs failed to pay a filing fee or submit motions to proceed *in forma pauperis*, they were dismissed from the case, and Mr. Gass is the only remaining plaintiff. (Doc. 18).

On October 7, 2014, the plaintiff filed an amended complaint, which included First Amendment, Eight Amendment, and Fourteenth Amendment claims. After screening the complaint, the court dismissed all but one claim. (Doc. 42). The remaining claim is a First Amendment claim relating to the defendants' alleged refusal to send out the plaintiff's mail after an riot allegedly broke out in the plaintiff's unit. (Doc. 28). Specifically,

> Gass alleges that, on April 4, 2014, a "code" was called on Unit A3 for an alleged riot, and staff members came to the unit. According to Gass, all inmates, except two, locked down, and the two inmates who did not lock down were taken off the unit. He alleges that from April 5, 2014 through April 8, 2014, Warden Smith, Lieutenant Bulick, and Officers Heverly, Miller, and Smith refused to take his mail to the mailbox to be sent to his family. When Gass asked why he could not send out mail, Lieutenant Bulick allegedly responded that it was per the Warden's orders. Gass alleges that he filed a grievance about the mail, and in response, the Warden said that the mail had been stopped for a time because there had been a state of emergency. But Gass contends that there never was a state of emergency.

(Doc. 53, pp. 2-3).

The defendants served the plaintiff with interrogatories relating to the abovementioned First Amendment mail claim in September of 2015. When

the plaintiff did not respond to the interrogatories, the defendants filed a motion to compel discovery. The plaintiff then failed to respond to the motion to compel discovery, and, as a result, Judge Schwab ordered him to file a brief in opposition by December 28, 2015. (Doc. 51). When the plaintiff failed to comply with that order or respond in any way, Judge Schwab then granted the defendants' unopposed motion to compel discovery on January 7, 2016. (Doc. 52). This order required the plaintiff provide the defendants answers to the defendants' interrogatories within fourteen (14) days. *Id.* The plaintiff did not respond to the defendants or provide any answers within fourteen (14) days. The defendants, therefore, filed the instant motion for sanctions, (Doc. 53), for the plaintiff's failure to comply with the court order and provide answers to their interrogatories. Judge Schwab ordered the plaintiff to file a brief in opposition to the motion by February 22, 2016. (Doc. 55). In the order, Judge Schwab specifically noted that failure to comply could result in the court finding that the plaintiff has abandoned his case. *Id.* The plaintiff, yet again, did not comply or did not file any kind of response to the motion. (Doc. 55).

By report dated March 1, 2016, Judge Schwab recommends that the defendants' motion for sanctions be granted and the case be dismissed for

3

the plaintiff's repeated failure to comply with court rules. (Doc. 56). No objections to Judge Schwab's report have been filed by either party .[1]

When no objection is made to an R&R, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d. Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

---

[1] The court notes that Judge Schwab's R&R was sent to the plaintiff at his address at SCI-Benner, and on March 24, 2016, was returned as undeliverable. (Doc. 57). On that same day, the R&R was then successfully re-mailed to the plaintiff at his new address at SCI-Forest. The court notes that it has been over a month since the R&R was sent to the plaintiff at his new address, and the plaintiff has failed to file objections, a request for extension of time, or any other correspondence with the court. The court further wishes to highlight the fact that, as a *pro se* litigant, the plaintiff has an affirmative duty to keep the court apprised of his current address, which he failed to do multiple times throughout this litigation. Local Rule 83.18. Any delay resulting from his failure to notify the court of address changes is, therefore, not attributed to the court.

The court has reviewed Judge Schwab's report and her recommended bases for granting the motion for sanctions and dismissing this case. Because the court agrees with Judge Schwab's application of Rule 37(b) of the Federal Rules of Civil Procedure and her thorough assessment of the *Poulis* factors, *see* Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall follow.

                                            s/ *Malachy E. Mannion*
                                            **MALACHY E. MANNION**
                                            **United States District Judge**

**Dated: May 9, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1056-03.wpd